(No. 75-578—

GLORIA BRIGGS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1976.*

GLORIA BRIGGS, Pro se.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This is a claim for damages for the theft of an automobile by an inmate escaped from the Illinois Youth Center, St. Charles, Illinois.

On October 5, 1974, Claimant was the owner of a 1966 Ford Galaxie XL automobile. This car was parked on the premises of the Marion Park Housing Complex in

the County of DuPage, State of Illinois, in front of the family's townhouse at 2120 West Roosevelt Road, Wheaton, Illinois.

The automobile was not parked on a public street but was on a private parking complex used by the people living in the immediate vicinity. As a tenant of the town house, Claimant had a parking space which was located about 20 feet in front of her front door.

The car had been parked by Claimant's husband at approximately 11:00 p.m. on October 5, 1974. At about 7:55 p.m. on October 5, 1974, one Thomas Leach, 13 years old, an inmate of the Illinois Youth Center, escaped from the Center with another inmate. They broke a lock on a door and climbed through a second story window. Leach had a record of prior escapes from the Center. After escaping, the two inmates split up.

Some time during the morning of October 6, 1974, Leach stole the Claimant's car from its parking place. At about 9:00 a.m. of the same day, he was involved in a collision at the intersection of Montrose and Kenzie in Chicago at which time the car was totally wrecked. The car was towed to a city vehicle pound.

Mrs. Briggs did not know her car had been stolen until she was notified later that morning by the Wheaton Police Department that it had been in an accident in Chicago.

There is a direct conflict as to whether or not the ignition key was in the car at the time it was stolen.

Mr. Briggs testified that when he parked the car, he took the keys out of the ignition and put them in his pocket. His wife testified that she had not left keys in the car, that they had only two sets, and they had not had any additional keys made. She produced both sets of keys in Court.

Leach's affidavit was admitted into evidence by agreement of the parties and contained the following two statements:

I entered the vehicle through an unlocked door. I started it with the keys that were on the floor shift console.

The Chicago Police Department Vehicle Tow Report shows keys in the ignition and the Vehicle Inventory Report is stamped *Keys in Office.*

The State contends that Claimant was negligent in that the keys were left in the car.

This Court has repeatedly held that prior to recovery for damages caused by a State inmate, Claimant must prove that such inmate escaped from the institution over which the State had control, and that the inmate caused the damage while at liberty.

It is clear that in this case the escapee, Thomas Leach, had escaped from an institution on one or more occasions in the past which would serve notice on the State that he was an individual who would be prone to escape, and there is no question from the record that he stole the car. While it is true that it is Claimant's burden to prove negligence by a preponderance of the evidence, the failure of the State to introduce any evidence to rebut the prima facie case causes the prima facie case to stand.

As stated in *Elgin Salvage and Supply Company, Inc. vs. State of Illinois,* 26 Ill.Ct.Cl. 278:

It is the opinion of the Court that the evidence offered by Claimant is sufficient to establish a prima facie case of negligence on the part of Respondent. Berdine, in view of his past record, should have been kept under greater surveillance than the ordinary inmate. The evidence does not indicate that Respondent took any special steps to prevent his escape, even though the record indicated prior escapes.

Respondent offered no testimony on the point. The facts pertaining to the surveillance and escape of the inmate were in the exclusive control of Respondent, and leave the implication that said evidence would have been presented had the same been favorable to Respondent.

Similar language appears in various of the Court of Claims cases arising under the act pertaining to theft or damage by escaped inmates. See: *U.S. Fidelity and Guaranty Company, a Corporation, vs. State of Illinois,* 23 Ill.Ct.Cl. 188; *Redebaugh vs. State of Illinois,* 22 Ill.Ct.Cl. 306; *Finch vs. State of Illinois,* 22 Ill.Ct.Cl. 376; *Poleet, et al. vs. State of Illinois,* No. 6173.

The question is whether or not the Claimant is free from contributory negligence by leaving the keys in the car, and this question has been cited many times in the past by this Court.

The escapee made the statement that "I started it with the keys that were on the floor shift console." If the keys were in the car, they were left there by Mr. Briggs, who is not the owner of the car but was the last person to use the car.

If his act was negligent, Mrs. Briggs would not be bound by any such act of negligence unless she had someway authorized it or unless such negligence was the sole proximate cause of the loss of the car.

It is clear from the rulings of this Court and from the rulings of the Appellate Courts of Illinois, that Sec. 11-1401 of the Illinois Motor Vehicle Code is irrelevant to *key in car* cases unless the vehicle is parked on a public highway. A prima facie case of negligence from violation of the Illinois Motor Vehicle Code arises only when the vehicle is parked on the public highway. Here the vehicle was not parked on the public highway, so the statute has no application.

However, as pointed out by Respondent in its brief, the question of contributory negligence *as an issue of fact* is present in any case where a vehicle is left unlocked, unattended, and with the ignition keys in the car, even when parked on private property.

The Court of Claims has considered this factual issue in a wide variety of factual situations. The fact situations previously passed on by the Court can be found in the following cases:

*Fuller vs. State,* Ill.Ct.Cl. 14. Car parked by employee in the parking lot of the store where he worked. Parking area in the front of the store.

*Spear vs. State,* 26 Ill.Ct.Cl. 32. Car parked under implement shed on grounds of Morris Country Club.

*Castoro vs. State,* 26 Ill.Ct.Cl. 468. Car parked in a privae parking lot adjacent to employer's place of business.

*Kendrick vs. State,* 26 Ill.Ct.Cl. 471. Car parked in a private parking area parallel to the street and about 40 feet from Claimant's home.

*Kent vs. State,* 24 Ill.Ct.Cl. 321. Car parked in garage in home.

*U.S. Fidelity and Guaranty Co. vs. State,* 23 Ill.Ct.Cl. 188. Car parked in driveway of home.

In none of the above cases was the Claimant found to be guilty of contributory negligence. In most of the above cases, the general public had ready access to the site where the car was parked. In some of the cases above, the car was parked much closer to the highway than in the instant case. In the opinion of the Court, the Claimant was not guilty of contributory negligence, even if she was in some way responsible for her car being parked with the keys in it because it was parked on private property 100 yards off the highway in a private parking lot in front of her own townhouse.

The best testimony as to the amount of damages suffered by Claimant as a result of said occurrence would have been expert opinion testimony as to the market value of the car at the time it was stolen and destroyed. This testimony is generally given by persons engaged in the business of selling or repairing automobiles.

However, the record is not totally devoid of elements of proof from which a determination of damages can be made.

The record discloses that Claimant paid $400.00 for the car on or about July 1, 1974, that on or about July 10, 1974, they paid an additional $400.00 for a new engine, and they also paid $20.00 for a radiator and $40.00 for tires. Their cash investment in the car three months before the occurrence was approximately $860.00.

Interviewed by a member of the Wheaton Police Department when that Department was preparing a Vehicle Theft Case Report, Claimant and her husband acknowledged that they placed a value of $600.00 on the car. It is unfortunate that expert testimony as to the exact value of the car was not introduced into evidence, but there is sufficient evidence on which to base a finding.

It appearing to the Court that the fair market value of the automobile at the time of the occurrence was $600.00, an award is hereby entered in favor of Claimant in that amount.